THE LAW FIRM OF KENNETH HO, ESQ.
KENNETH HO
DAVID MAYER
3901 Main Street, Suite # 611
Flushing, NY 11354
Tel: (718) 762-6111
Fax: (718) 762-6913

Attorneys for Plaintiff

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 15 2011 ★
LONG ISLAND OFFICE

SUMMONS ISSUED

CV 11 5567

VITALIANO, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
Lien-Ming Tung,

           Plaintiff,

    v.

Vincent Wu, Veronica Wu, and Chu-Wu, Inc.

           Defendants.
-----------------------------------------------------X

**COMPLAINT**

PLAINTIFF DEMANDS TRIAL BY JURY

LIEN-MING TUNG, through his undersigned attorneys, for his Complaint alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 and New York C.P.L.R. §302(a)(3) i,ii.

2. Venue in this District is proper under 28 U.S.C. § 1391(a).

### THE PARTIES

3. Plaintiff LIEN-MING TUNG is a 10% Shareholder of Chu-Wu, Inc. He is a New York domiciliary who lives at 65-08 Utopia Parkway, 2d Floor, Fresh Meadows, NY 11365.

4. Defendant VINCENT WU (A.K.A. Wen Shen Wu) is the President and a 25% shareholder of Chu-Wu, Inc. He is a Massachusetts domiciliary who lives at 1 Grant Avenue, Wellesley Hills MA 02481.

5. Defendant VERONICA WU, VINCENT WU's daughter, is a Director and a 15% shareholder of Chu-Wu, Inc. She is a New Hampshire domiciliary and lives at 26 Highbridge Hill, Nashua NH 03063.

6. Defendant CHU-WU, INC., is a Massachusetts corporation with its principal place of business at 11 Forest Avenue, Wellesley Hills MA 02481.

## DEFENDANTS' COURSE OF CONDUCT

7. Upon information and belief, CHU-WU, INC. is a Chinese restaurant incorporated in Massachusetts.

8. Upon information and belief, VINCENT WU is President, Treasurer, Secretary and a Director of Chu-Wu, Inc. These appointments were pursuant to election by all 8 shareholders of the close corporation in a May 2, 2006 meeting.

9. Upon information and belief, Defendants VINCENT WU and VERONICA WU hold 40% of CHU-WU, INC. stock. The remaining 6 shareholders, including Plaintiff, each hold 10%.

10. Upon information and belief, on May 2, 2006, the same day as the aforementioned shareholder meeting, Plaintiff LIEN-MING TUNG purchased 100 shares of common no par value CHU-WU, INC. stock representing a 10% interest in the corporation. He purchased these shares from another minority shareholder Hsiao Hsun Chen.

11. Upon information and belief, Plaintiff had the reasonable expectation to receive fair dividends and to expect the majority shareholders, Defendants VINCENT WU and VERONICA WU, to act responsibly in the exercise of their fiduciary duties to the corporation.

12. Upon information and belief, Defendants VINCENT WU and VERONICA WU instead gave themselves excessive compensation and in fact diverted corporation assets to their own personal uses, including the construction of a luxury home overseas in Taiwan.

13. Upon information and belief, Defendants VINCENT WU and VERONICA WU breached their fiduciary duty to Defendant CHU-WU, INC. by stopping paying dividends, diverting money from the corporation for their personal use, and excluding minority shareholders like Plaintiff from having any say in management or control.

14.     Upon information and belief, as a result of the foregoing, Plaintiff LIEN-MING TUNG demanded that Defendants buy back his shares at fair value pursuant to New York BCL § 1118.

15.     Upon information and belief, Plaintiff's 10% share of CHU-WU, INC. stock is valued at approximately $109,753. The fair value is estimated from the 2010 Federal Tax return of CHU-WU, INC. which shows the corporation is worth $1,097,534. This figure is calculated from the combined sum of the capital stock ($25,000.), additional paid-in capital ($619,691.), retained earnings ($158,635.) plus an additional $294,202. (which although called "other liabilities," is in fact an attempt by Defendants to defraud the minority by transferring corporate money to an *ipse dixit* "note payable - related organization").

16.   Upon information and belief, Defendants, realizing the absence of a public market for the resale of minority shares, offered to purchase Plaintiff's 10% interest in CHU-WU, INC. for between $10,000. and $20,000. Plaintiff refused this "minority discount" on the fair value of his shares, which is valued at $109,753.

## COUNT ONE:  BREACH OF FIDUCIARY DUTY

17.    Defendants breached their fiduciary duty to the close corporation by siphoning away misappropriated funds and taking excessive compensation in lieu of paying dividends This artificially reduced the corporation's reported earnings and unfairly lowered the value of minority shareholders' stock.

18.    Plaintiff is now forced to turn to the legal system for vindication due to the abscence of a public market for resale of his shares, and the bad-faith offer made by Defendants to buy back his shares far below market value.

19.    Defendants have also excluded Plaintiff and other minority shareholders from participation and management of the day-to-day operations of CHU-WU, INC. Thus, Plaintiff has been "squeezed out" and eliminated from benefitting from the corporation or participating in the business, and is unable to control corporate decisions or block the aforementioned practices of Defendants.

20. Plaintiff's lack of control and illiquidity of his shares makes him uniquely vulnerable to such a "squeeze out" by Defendants.

### COUNT TWO: OPPRESSION OF MINORITY SHAREHOLDERS

21. The majority Defendant shareholders have engaged in oppressive conduct under the "reasonable expectations" test as formulated by the New York Court of Appeals in *In re Kemp & Beatley, Inc.*, 64 N.Y.2d 63 (1984).

22. Plaintiff, on May 2, 2006, the day he purchased his 100 shares of CHU-WU, INC. stock, had the reasonable expectation to benefit from his interest in the restaurant business by way of dividends.

23. Plaintiff also reasonably expected Defendants VINCENT WU and VERONICA WU to comport with their fiduciary duties and not take excessive compensation by siphoning money away from the corporation and the minority shareholders for their own personal use.

24. Plaintiff also reasonably expected some say in management of the close corporation, something denied to him.

25. Plaintiff also reasonably expected to be able to resell his shares at a figure approximating fair value, something denied to him.

26. Therefore, Defendants have oppressed Plaintiff and have substantially defeated his expectations that were both reasonable and central to his decision to join the venture in the first instance.

### COUNT THREE: PIERCING THE CORPORATE VEIL

27. Although New York courts are generally hesitant to disregard the corporate entity, *TNS Holdings Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335 (1998), courts will intervene to pierce the corporate veil on a showing that the "corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences." *Id.* at 339.

28. Here, Defendant VINCENT WU, the President, Treasurer, Secretary and a Director of CHU-WU, INC, aided and abetted by his daughter VERONICA WU, effectively dominated and controlled the corporate entity, which was a mere instrumentality they used to fraudulently siphon off of company money for their own personal use.

29. Defendants' oppression of Plaintiff and other minority shareholders resulted in wrongful and inequitable consequences, such as denying Plaintiff his reasonable expectations of dividends, management comporting with the fiduciary duty expected of corporate officers and directors, and fair value for the resale of his stock.

30. Therefore, Defendants VINCENT WU and VERONICA WU should not be allowed to hide behind the sham corporate shell, and should be held personally liable for their oppressive and fraudulent conduct, separate and apart from the liability of CHU-WU, INC.

## INJURY

31. Plaintiff has been injured in the amount of $109,753. representing the fair value of his 100 shares of CHU-WU, INC. stock. He has been oppressed by the majority Defendant shareholders, VINCENT WU and VERONICA WU, has no public market in which to resell his illiquid shares, and now seeks judicial relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1) ORDER a judicially supervised buyout of Plaintiff's shares in CHU-WU, INC. by Defendants VINCENT WU and VERONICA WU for fair value of $109,753, or an amount to be determined by jury trial;

(2) ENJOIN Defendants from dissolving CHU-WU, INC. during the pendency of this action, preserving the status quo until the aforementioned buyout can be effected.

(3) AWARD Plaintiff the costs of bringing this action and any other equitable relief this Court may determine to be just and proper.

Date: November 15, 2011

Respectfully submitted,

By: _____
Kenneth Ho, Esq.

By: _____
David A. Mayer, Esq.

ATTORNEYS FOR PLAINTIFF